STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    CIVIL ACTION
                                                  DOCKET NO RE-06-23

SILAS C. AMES, JR., et al.,

            Plaintiff,
      v.                          ORDER
DAVID COHEN, et al.,

            Defendant.

PENOBSCOT COUNTY

Plaintiffs Ames and Nessman filed a complaint against David and Clarina Cohen and Warehouse Properties, L.L.C. alleging breach of contract and specific performance. Plaintiffs had a written contract for the purchase of commercial real estate with the Cohens. At the expiration of the term of the written contract, those parties either did or did not orally extend the contract. Soon after the expiration of the written contract but prior to the expiration of the alleged oral contract, the Cohens sold the commercial property to Warehouse Properties, L.L.C., a corporation owned and controlled by Gregory Lovely at a higher price than the price contained in the Ames-Nessman contract. In their complaint, the plaintiffs are seeking money damages and/or specific performance on their contract to purchase the property.

RELEVANT PROCEDURAL HISTORY

A jury trial on this matter was concluded on March 11, 2008. Question 1 on the verdict form dealt with the breach of contract claim against the Cohens and the jury concluded that after the term of the written contract the Cohens and Ames-Nessman either extended the original contract or entered into a valid new oral contract that was in effect when the Cohens sold the property to Warehouse. Finding a breach, the jury awarded damages for the plaintiff and against the Cohens in the amount of $16,000.

jury whose verdict has the same effect as if trial by jury had been a matter of right. In discussions before and during the trial, it is the court's recollection that all parties indicated that it was their belief that the specific performance count, if submitted to the jury, would be an advisory verdict only. Although all parties may not have formally agreed that the jury's verdict was advisory only, the defendants did not consent to the jury verdict concerning question 2 of the verdict form having "the same effect as if trial by jury had been a matter of right". Without that consent, this court finds that the verdict flowing from question 2 was advisory only.

Next, this court characterizes question 2 as one that could easily be interpreted as requiring the defendant to prove that he was a good faith purchaser without actual or constructive notice of another valid contract. By using the passive voice in the first phrase, the court failed to explicitly designate which party had the burden of proof on the issue. By asking whether it had been proven that Warehouse Properties Inc. was a good faith purchaser the court actually implied that it was Warehouse Properties' burden of proof. The appropriate question should have been " has plaintiff proved… that Warehouse Properties LLC was not a good faith purchaser…?". Although the court specified in other portions of its instructions that the plaintiff had the burden of proof generally on all issues, the faulty phrasing of the important verdict form question impeaches the validity of the result. Fortunately, this circumstance is not fatal to an appropriate resolution of the specific performance claim because the court, not the jury, will be deciding that count.

The court has reviewed trial transcripts and its notes with regard to the remaining issues. Any party wishing to submit closing argument on whether plaintiff has proved that Warehouse Properties was not a good faith purchaser should do so within 14 days. The court will then decide the issue. Depending on the result, further

The issues that cause the court to now address that trial involves question 2 of the verdict form that dealt with whether or not Warehouse Properties was an innocent purchaser, unaware of the extended (or new) contract between the Cohens and Ames-Nessman, as well as the significance of the vote on that question with regard to the specific performance count. That question was phrased as follows: "Has it been proven by a preponderance of the evidence that Warehouse Properties LLC (Lovely) was a good faith purchaser without actual or constructive notice of the extended or new oral contract between Ames/Nessman and the Cohens?" The foreperson of the jury indicated that all eight jurors answered that question in the negative. Questions have now arisen with regard to the verdict to be entered, if any, as a result of that vote. First, was the jury vote on question #2 advisory or not? Second, did the question improperly shift the burden of proof on that issue to the defendant? Third, if the vote were advisory, what is the courts judgment on the specific performance count?

## DISCUSSION

Generally, equitable claims are tried to the court, not the jury. 1 Field, McKusick and Roth, Maine Civil Practice § 38.1 (2d ed. 1970), <u>Daimler Chrysler Corp. v. Executive Director, Maine Revenue Services</u>, 2007 ME 62; 922 A.2d 465. In count I of their complaint, the plaintiffs seek specific performance, an order from the court requiring the Cohens to convey the disputed commercial real estate to them pursuant to the terms of their extended or new contract. This is an equitable remedy. 71 Am. Jur. 2d <u>Specific Performance</u> § 1 et seq. (2001), <u>Brown and Sons v. Boston and Maine Railroad</u>, 106 Me. 248; 76 Me. 692 (1909); <u>Sullivan v. Porter</u>, 2004 ME 134; 861 A.2d 625. According to M.R.Civ.P. 39(d) in all actions in the Superior Court not triable of right by a jury the court upon motion or on its own initiative may try any issue with an advisory jury. With the consent of the parties the court may order that such a trial be decided by a

hearing may take place on whether specific performance should be ordered should the court find that the plaintiffs have met their burden.

The clerk is directed to in corporate this Order into the docket by reference.

Dated: October 7, 2008

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

SILAS C AMES JR, ET AL VS. DAVID W COHEN, ET AL
UTN:AOCSsr  -2006-0039648                    CASE #:BANSC-RE-2006-00023
-----------------------------------------------------------------------
    SEQ TITLE              NAME                            DOB    ATTY
    001 PL       SILAS C AMES JR   By David King Esq        / /     T
    003 PL       GERALD NESSMANN    by David King Esq       / /     T
    002 DEF      DAVID W COHEN   by Joshua Tardy Esq * William Logan, Esq T
    004 DEF      WAREHOUSING PROPERTIES LLC  by Paul Sumberg Esq and Joshua Tardy, Esq.
    005 DEF      CLAIRINA COHEN  by Joshua Tardy Esq and William Logan Esq.